# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY HURTADO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ON HABEAS CORPUS,<br><br>　　　　　Respondent.<br>_____/ | 1:08-cv-01429-DLB (HC)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION<br><br>[Doc. 1] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner filed the instant petition for writ of habeas corpus on September 24, 2008. (Court Doc. 1)

　　　　The Court has conducted a preliminary review of the Petition and finds it is without jurisdiction to hear the case as Petitioner has named an improper respondent.

　　　　A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court,

1  21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions
2  is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on
3  probation or parole, the proper respondent is his probation or parole officer and the official in
4  charge of the parole or probation agency or state correctional agency. Id.

5        In this case, Petitioner neglected to name a Respondent, and merely indicated that he is
6  incarcerated at High Desert State Prison. However, Petitioner must name the actual individual in
7  charge of such institution, i.e. Warden Tom Felker.

8        Petitioner's failure to name a proper respondent requires dismissal of his habeas petition
9  for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326,
10 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd
11 Cir. 1976). However, in this case, the Court will give petitioner the opportunity to cure his defect
12 by amending the petition to name a proper respondent. See West v. Louisiana, 478 F.2d 1026,
13 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)
14 (allowing petitioner to amend petition to name proper respondent); Ashley v. State of
15 Washington, 394 F.2d 125 (9th Cir. 1968) (same).

16       Accordingly, the Court HEREBY ORDERS:

17     1.    Petitioner SHALL SHOW CAUSE why the Petition should not be dismissed by
18         AMENDING the Petition to name a proper respondent within thirty (30) days of
19         the date of service of this order. To comply with this directive petitioner need
20         only submit a pleading titled "Amendment to Petition" in which he amends the
21         petition to name a proper respondent. As noted above, that individual is the
22         person having day to day custody over petitioner - usually the warden of the
23         institution where he is confined. The Amendment should be clearly and boldly
24         captioned as such and include the case number referenced above, and be an
25         original signed under penalty of perjury.

26     IT IS SO ORDERED.

27     Dated:   **October 17, 2008**            **/s/ Dennis L. Beck**
28                                                                UNITED STATES MAGISTRATE JUDGE