# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY HURTADO,<br><br>    Petitioner,<br><br>    v.<br><br>DERRAL G. ADAMS, Warden<br><br>    Respondent.    / | 1:08-cv-01429-AWI-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 15] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

## BACKGROUND

On July 19, 2004, Petitioner was convicted of child endangerment, spousal abuse, and making a criminal threat. In a separate proceeding, the court found true the allegations that Petitioner suffered a prior felony conviction within the meaning of California Penal Code section 667(a), two prior felony convictions within the meaning of the three strikes law, and had served one prior prison term. Petitioner was sentenced to an indeterminate state prison term of 31 years to life. (Lodged Doc. Nos. 1-2.)

On May 19, 2006, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. (Lodged Doc. No. 2.) Petitioner then sought review in the California Supreme Court

---

[1] Derral G. Adams is the current Warden of the California State Prison, Corcoran, and not Tom Felker. Therefore, Adams is substituted in place of Felker as Respondent in this matter pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

which was denied on July 26, 2006.[2] (Lodged Doc. Nos. 3-4.)

Petitioner subsequently filed three state post-conviction collateral petitions.[3] The first petition was filed on September 30, 2007, in the Tulare County Superior Court. (Lodged Doc. No. 5.) The petition was denied on October 11, 2007, with citations to In re Clark, 5 Cal.4th 750, 765 (1993) and In re Robbins, 18 Cal.4th 770, 780 (1998). (Lodged Doc. No. 6.)

The second petition was filed in the California Court of Appeal, Fifth Appellate District on October, 2007, and was denied on November 1, 2007. (Lodged Doc. Nos. 7-8.)

The third and final petition was filed in the California Supreme Court on March 1, 2008, and denied on September 10, 2008. (Lodged Doc. Nos. 9-10.)

Petitioner filed the instant federal petition for writ of habeas corpus on September 16, 2008. (Court Doc. 1.)

Respondent filed the instant motion to dismiss on January 26, 2009. (Court Doc. 15.) Petitioner did not file an opposition.

## DISCUSSION

A. <u>Procedural Grounds for Motion to Dismiss</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

---

[2] The court denied the petition without prejudice to any relief Petitioner might be entitled after the California Supreme Court decision in People v. Cage, S127344. (Lodged Doc. No. 4.)

[3] The dates of filing reflect application of the mailbox rule pursuant to Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

(E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  <u>Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on September 24, 2008, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

>   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

1         In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the California Supreme Court denied the petition for review on July 26, 2006. (Lodged Doc. No. 4.) The time to seek direct review ended on October 24, 2006, when the time expired for filing a petition for writ of certiorari with the United States Supreme Court. Supreme Court rule 13; Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999); Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998). Therefore, the one year limitations period began on the following day, October 25, 2006, and absent tolling, was set to expire on October 24, 2007. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

C.     <u>Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

        Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

        Respondent argues that none of the state post-convictions petitions were properly filed. Respondent is correct.

        1. *The First Petition Was Not A Properly Filed Petition*

        In denying the first petition filed in the Tulare County Superior Court, the court cited In re

Clark, 5 Cal.4th 750, 765 (1993) and In re Robbins, 18 Cal.4th 770, 780 (1998), and stated "Petitioner failed to raise the issues raised in his writ in a timely manner." (Lodged Doc. No. 6, Opinion, at 1.) The Supreme Court has clearly stated "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace, 544 U.S. at 412 (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)). The fact that the superior court alternatively denied the petition on the merits does not change the result. Pace, 544 U.S. at 412; see also Carey v. Saffold, 536 U.S. at 226 (statutory tolling not available if petition was denied as untimely "regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits.") The Tulare County Superior Court expressly found that the petition was untimely under California law which renders it not "properly filed" for purposes of statutory tolling. See Bonner v. Carey, 425 F.3d 1145, 1149; Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (finding that a California state court's citation to Robbins, 18 Cal.4th at 780, is a "clear ruling" of untimeliness).

     2. *The Second And Third Petitions Were Not Properly Filed Petitions*

Petitioner filed the second habeas corpus petition in the California Court of Appeal on October 1, 2007, which was denied without comment on November 1, 2007. (Lodged Doc. Nos. 7-8.) Petitioner filed the third petition for review in the California Supreme Court on March 1, 2008, which was also denied without comment on September 10, 2008. (Lodged Doc. Nos. 9-10.)

Because the second and third petitions were denied without comment, this Court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir. 2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)). As just stated, the last reasoned decision of the superior court denied

the petition as untimely under state law and alternatively for lack of merit. (Lodged Doc. No. 6.) The California Court of Appeal and California Supreme Court are presumed by their summary denials to have adopted the superior court's finding of untimeliness, and the second and third petitions were not "properly filed" for purposes of statutory tolling.

D.    <u>Equitable Tolling</u>

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); see also <u>Irwin v. Department of Veteran Affairs</u>, 498 U.S. 89, 96 (1990); <u>Calderon v. U.S. Dist. Ct. (Kelly)</u>, 163 F.3d 530, 541 (9th Cir. 1998), *citing* <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. <u>Pace</u>, 544 U.S. at 418; <u>Smith v. Duncan</u>, 297 F.3d 809 (9th Cir.2002); <u>Hinton v. Pac. Enters.</u>, 5 F.3d 391, 395 (9th Cir.1993).

Petitioner has raised no argument as to how or why the limitations period should be equitably tolling.

<u>RECOMMENDATION</u>

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition as time-barred be GRANTED;

2. The instant petition for writ of habeas corpus be DISMISSED, with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **fifteen (15)** days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time

may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 9, 2009**   /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE