# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY HURTADO, | 1:08-cv-01429-AWI-DLB (HC) |
|     Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITIONER'S REQUEST FOR ORDER GRANTING ACCESS TO LAW LIBRARY |
|     v. | |
| TOM FELKER, Warden | [Doc. 23] |
|     Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 17, 2009, Petitioner filed a motion for an extension of time, along with a request for an order granting him weekly physical access to the law library.[1] (Court Doc. 23.) In his motion, Petitioner indicates that he is currently detained in the Security Housing Unit ("SHU") and has limited access to the law library. Petitioner states that during the last 30 day period, he has only had access to the library on one occasion for a two hour period.

The Court construes Petitioner's motion as a request for a preliminary injunction. To obtain a preliminary injunction, a party must demonstrate either 1) a combination of probable success on the merits and the possibility of irreparable injury, or 2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor. First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378, 1381 (9th Cir. 1987).

---

[1] Petitioner's request for an extension of time has been granted by separate order.

1

A prisoner alleging an access to the courts violation must demonstrate that he has suffered or will imminently suffer actual injury. Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 2179 (1996). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." Id. at 2180. The inmate must show that the library "hindered his efforts to pursue a legal claim." Id. To satisfy the actual-injury requirement, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 2181. Furthermore, "the injury requirement is not satisfied by just any type of frustrated legal claim," but rather, the legal claim which was allegedly interfered with must involve either an inmate's attempt to attack his sentence or an action to challenge the conditions of his confinement. Id. at 2181-82. The Ninth Circuit has interpreted this to mean that the right extends only through the pleading stage, and is not a right to successfully litigate the matter through resolution. See Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995).

Petitioner has failed to demonstrate that he suffers actual injury as a result of his restricted access to the law library. Although Petitioner contends that he requires additional time in the library, such a generalized allegation fails to demonstrate imminent or actual injury, as required by Lewis v. Casey. The fact that Petitioner is being detained in the SHU and has restricted access to the law library does not entitle him to a preliminary injunction by this Court. See Lewis, 116 S.Ct. at 2180. Further, the Court has granted previously granted extensions of time to file his objections, and Petitioner is being allowed some access to the law library. Accordingly, Petitioner has failed to demonstrate that he is imminent danger of suffering irreparable injury, Petitioner cannot prevail on his motion for a preliminary injunction.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Petitioner's motion for an order granting him additional access to the law library be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

1  Within thirty (30) days after being served with a copy, any party may file written objections with
2  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
4  and filed within ten (10) court days (plus three days if served by mail) after service of the
5  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
6  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
7  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
8  Cir. 1991).

   IT IS SO ORDERED.

   Dated:  **June 19, 2009**           **/s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE